```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
UNITED STATES OF AMERICA,

                          Plaintiff,              REPORT AND
            -against-                             RECOMMENDATION
                                                  CV 06-3908 (DRH)(ARL)

SANDRA G. JEFFERIES, a/k/a SANDRA
JEFFERIES, a/k/a SONDRA JEFFERIES,
a/k/a SANDRA SNUGGS a/k/a DEBRA
SNUGGS,

                          Defendant.
----------------------------------------------------------------X
```

**LINDSAY, Magistrate Judge:**

  This matter was referred to the undersigned for the purpose of issuing a report and recommendation with respect to whether a default judgment should be entered and, if so, the appropriate amount of damages, attorneys' fees, and costs to be awarded to the plaintiff. For the reasons set forth below, the undersigned recommends that the plaintiff's motion for a default judgment be denied, with leave to renew.

  On August 11, 2006, the plaintiff, United States of America, commenced this action against the defendant, Sandra G. Jefferies ("Jefferies"), seeking recovery pursuant to a promissory note executed by Jefferies on October 24, 1988. According to the Complaint, Jefferies is a resident of Suffolk County and was to be served at 218 Calebs Path, Brentwood, New York. Complaint at ¶ 2. The Brentwood address is also reflected on the Certificate of Indebtedness annexed to the Complaint. *Id.* However, the affidavit of service filed by the plaintiff reflects that "John Doe" was served with a copy of the summons an complaint at 2453 Union Blvd., Apt 19 A, Islip, New York. Nothing in the plaintiff's complaint or its moving papers suggests that 2453 Union Blvd. Apt 19 A, Islip, New York, is Jefferies current or last known address.

Service of process in federal courts is governed by Fed. R. Civ. P. 4, which permits service upon an individual "pursuant to the law of the state in which the district court is located." Fed. R. Civ. P. 4(e)(1). New York State's Civil Practice Laws provide that an individual can be served "by delivering the summons within the state to a person of suitable age and discretion at the . . . dwelling place or usual place of abode of the person to be served and by . . . mailing the summons to the person to be served at his or her last known residence." N.Y.C.P.L.R. § 308(2). Based on the papers before the court, the court must conclude, therefore, that service on Jefferies was improper. Accordingly, the undersigned recommends that the motion for a default judgment be denied, with leave to renew upon the presentation of evidence that Jefferies resides at the Islip address or that it is her last known address.

## OBJECTIONS

The plaintiff is directed to serve a copy of this Report and Recommendation on the defendant by certified mail, return receipt requested. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 10 days of service. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. §636 (b) (1); Fed. R. Civ. P. 72; *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
August 2, 2007

_____/s/_____
ARLENE R. LINDSAY
United States Magistrate Judge